UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br>BANK OF NEW ENGLAND<br>CORPORATION,<br><br>    Debtor, | Chapter 7, Bankruptcy Court<br>No. 91-10126 (WCH) |
| DR. BEN S. BRANCH, TRUSTEE,<br><br>    Plaintiff,<br><br>v.<br><br>C.T. BOWRING & CO., LTD.,<br>CERTAIN UNDERWRITERS OF<br>LLOYD'S OF LONDON, et al.<br><br>    Defendants. | Civil Action No.: 04-11609 (RWZ)<br>Bankruptcy Court Adversary Proceeding<br>No. 93-1186 (D. Mass) |

## ASSENTED TO MOTION TO REASSIGN CASE TO THE HONORABLE RICHARD G. STEARNS

Certain Underwriters, the remaining defendants in this Adversary Proceeding, with the assent of plaintiff, Dr. Ben Branch, Trustee (the "Trustee") of Bank of New England Corporation ("BNEC"), hereby respectfully request that this Court reassign the captioned matter, newly assigned to the Honorable Rya W. Zobel, to the Honorable Richard G. Stearns. The grounds for this motion are as follows:

  1.  On June 21, 2004, Underwriters filed its Motion to Withdraw the Reference and Supporting Memorandum with the United States Bankruptcy Court for the District of Massachusetts. Pursuant to Bankruptcy Court Local Rule 5011-1, Underwriters filed its motion with a properly completed Civil Action cover sheet and the prescribed filing fee for transmittal to

BOST1-833366-1

the United States District Court. The Civil Action cover sheet, a true copy of which is attached hereto as Exhibit A, identified the related case of *Branch v. Ernst & Young U.S. et al*, Docket No. 93-10024-RGS (the "E&Y case") pending before the Honorable Richard G. Stearns. Underwriters stated its reasons for requesting that this matter be assigned to the Honorable Richard G. Stearns in the Memorandum in Support of its Motion to Withdraw the Reference.

2. On or about July 13, 2004, the United States Bankruptcy Court forwarded Underwriters' Motion to Withdraw the Reference, together with the Supporting Memorandum and Trustee's July 6, 2004 Opposition to the United States District Court. Based on information obtained from the Clerk's Office, the materials forwarded by the United States Bankruptcy Court did not include the Civil Cover Sheet. Consequently, the matter was assigned in the regular course of business to the Honorable Rya W. Zobel, without consideration or benefit of the related claim section of the civil cover sheet.

3. Underwriters reiterates its request to assign this matter as a related case to the Honorable Richard G. Stearns because of his familiarity with certain common issues presented in the pending E&Y case, as well as the Trustee's complaints against the FDIC and against Fleet, consolidated as C.A. 91-10976.

4. Rule 40.1 of the United States District Court provides that:

> In the interest of justice or to further the efficient performance of the business of the court, a judge may return a case to the clerk for reassignment, whether or not the case is related to any other case, with the approval of the Chief Judge, or, with respect to civil cases only, may transfer the case to another judge, if the other judge consents to the transfer.

5. In this Adversary Action, the Trustee seeks to avoid the BNEC's $1.75 million premium payment for directors and officers liability policy numbered QB111990 (the "Policy") issued by the Underwriters. To prevail on his claims, the Trustee must establish that BNEC was insolvent when it paid the premium on November 26, 1990, and also establish that the Policy did not provide reasonably equivalent value taking into account all surrounding circumstances.

6. Underwriters assert in support of their motion to withdraw the reference that the claims and defenses presented in this action present issues which overlap factually and legally with issues presented in the E&Y case pending before Judge Stearns, as well as the Trustee's prior complaints against the FDIC and Fleet, including issues regarding the Bank's solvency, the significance of going concern value, and the propriety of management's activities in attempting to rescue the subsidiary banks with Bank's money. Underwriters contend that Judge Stearns' considerable familiarity with the solvency disputes, and with the going concern issue in particular, would be of considerable assistance in resolving the claims and defense in this action, thereby promoting judicial efficiency.

WHEREFORE, Underwriters respectfully request that this Court reassign this matter from the Honorable Judge Rya W. Zobel to the Honorable Richard G. Stearns.

**Assented to:**
Dr. BEN BRANCH, TRUSTEE,
By one of his attorneys,

_____
Thomas R. Kline, Esq.
Eden Burgess, Esq.
Andrews & Kurth LLP
1701 Pennsylvania Avenue, NW
Suite 300
Washington, DC 2006

UNDERWRITERS OF DIRECTORS AND OFFICERS POLICY
By one of its Attorneys,

_____
Barbara O'Donnell, Esq. (BBO# 544458)
Catherine O'Donnell, Esq. (BBO #634719)
ROBINSON & COLE LLP
One Boston Place
Boston, MA 02108
(617) 557-5900

3

(202) 662-2716

Jessica Tovrov, Esq.
Arnstein & Lehr LLP
120 South Riverside Plaza
Suite 1200
Chicago, IL 60606

Dated: July 21, 2004

## CERTIFICATE OF SERVICE

I, Barbara O'Donnell, hereby certify that on July 21, 2004, I served a true copy of the foregoing document by causing copies of same to be sent via first class mail, postage prepaid, to the U.S. Trustee, and the following counsel of record:

## SERVICE LIST

| | |
|---|---|
| Thomas R. Kline, Esq.<br>Andrews & Kurth LLP<br>1701 Pennsylvania Avenue, NW<br>Suite 300<br>Washington, DC 2006<br>(Counsel to Trustee) | United States Trustee<br>1184 O'Neil Federal Bldg.<br>10 Causeway Street<br>Boston, MA 02222 |
| Robin Russell, Esq.<br>Andrews & Kurth LLP<br>600 Travis, Suite 4200<br>Houston, TX 77002-3090<br>(Counsel to Trustee) | |

_____
Barbara O'Donnell